**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| JUNYI LU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 13-cv-7432 |
| v. | ) |
| | ) |
| THE BOEING COMPANY, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR REMAND**

Plaintiff Zunyi Lu, by and through her attorneys, Clifford Law Offices, P.C., moves this Honorable Court pursuant to 28 U.S.C. Section 1447(c) to Remand this cause of action to the Circuit Court of Cook County, Illinois and as grounds therefore, states as follows:

1. On September 16, 2013, Plaintiff, Junyi Lu, filed her Complaint at Law in the Circuit Court of Cook County, Law Division, captioned Junyi Lu *v. The Boeing Company*, Court No.: 13 L 010405. The Complaint alleges product liability and negligence against the Boeing Company regarding a Boeing 777-200ER aircraft which crashed on land when the main landing gear struck land as it was landing on the ground at San Francisco International Airport on July 6, 2013.

2. Defendant, Boeing Company, was served with process on September 17, 2013.

3. On that same day, six other cases were also filed in the Circuit Court of Cook County arising out of the same crash of the Boeing aircraft.[1]

---

[1] These cases were captioned: *Junhong Lu, as Mother and Next Friend of Shen Haochen, a minor v. The Boeing Company*, Case No.: 13 L 010404; *Junhong Lu v. The Boeing Company*, Case No.: 13 L 010402; *Zhang Bin and Qi Hui, as Father and Mother and Next Friend of Zhang Zi Yi, a minor v. The Boeing Company*, Case No.: 13 L 010403; *Qi Hui v. The Boeing Company*, Case No.: 13 L 010410; *Li Jing Wen v. The Boeing Company*, Case No.: 13 L 010406; and *Zhang Bin v. The Boeing Company*, Case No.: 13 L 010408.

4. On October 17, 2013, the Defendant, Boeing Company, filed its Notice of Removal of this case with this Court pursuant to 28 U.S. C. §§ 1331, 1441, 1446 (admiralty jurisdiction) & 1442(a)(1) (federal officer jurisdiction).[2]

5. Boeing's Removal Notice asserts admiralty jurisdiction, but the party seeking to invoke admiralty jurisdiction over a tort claim must satisfy conditions both of location and connection with admiralty activity. *Jerome B. Grubart, Inc v. Great Lakes Dredte & Dock Co.,* 513 U.S. 527, 534 (1995). Admiralty jurisdiction is found only where the location and connection prongs are met; one by itself will not suffice." *Florio v. Olson,* 129 F.3d 678, 680 (1st dcir. 1997).

6. As is further established in the Memorandum of Law in Support of Motion to Remand and the accompanying Affidavit of Charles M. Pereira that are being filed concurrently with this motion, in the instant case, Boeing's efforts to assert and expand admiralty jurisdiction fail for one or more of the following reasons:

- ➢ The tort occurred on land, not on or over water (as no injury is alleged to have been sustained in the Plaintiff's Complaint until impact or post-impact - - all of which occurred on land);

- ➢ The airplane was on a planned approach to the airport; it was not fortuitous that the airplane crashed on land just short of the planned touchdown zone;

- ➢ During the airplane's landing, the airplane's main gear and tail struck the airport terrain at the top of the seawall located at the beginning of the runway;

- ➢ The airplane was intact at all times until it impacted the terrain; and

- ➢ The injuries occurred on the ground.

---

[2] All of the previously mentioned cases as well as a case captioned *Jinhua Yang and Jingtao Xie, Guardian Ad Litem and Parents of Minor Jaiqi Xie*, 13 L 9211, were also removed on the same bases. Five of the eight cases are pending before the Honorable Harry D. Leinenweber. The others are pending before the Honorable George M. Marovich, the Honorable Joan H. Lefkow and the Honorable Rebecca R. Pallmeyer. The *Yang* Plaintiff has also filed a Motion to Remand on the identical bases this Plaintiff seeks remand.

7. Additionally, as is further established in the Memorandum of Law in Support of Motion to Remand that is being filed concurrently with this motion, Boeing's efforts to assert federal officer jurisdiction is also improper because the Complaint neither names FAA designees as defendants nor asserts that the crash was caused by their certification activities. *West v. A & S Helicopters,* 751 F.Supp. 2d 1104, 1100 (W.D. Mo. 2010); *Swanstrom v. Teledyne Continental Motors, Inc.,* 531 F.Supp.2d 1325 (S.D. Ala. 2008); *Sesay v. Raytheon Circarft Co.,* 2012 WL 847240 (C.D. Cal. Jan 5, 2012).

8. Finally, Defendant's mention of Boeing and Asiana's motion for a section 1407 transfer and MDL order [D.E. 1 at pp. 9-10] is nothing more than an effort by Boeing to deter this Honorable Court from ruling on any remand motion. It has no place in their Notice of Removal and highlights Boeing's efforts to forum shop.

9. Given the fact that Boeing is attempting to expeditiously transfer cases via a JPMDL Motion to Transfer where there is no federal jurisdiction, the Plaintiff believes expedited briefing is warranted on this motion. If this case and the others are remanded, the MDL transfer motion would be moot. Additionally, the Plaintiff herein (as well as the Plaintiffs identified in fn 1 & 2, above) have opposed transfer to California in the MDL proceeding. (See Exhibit "1"). If the position taken by the Plaintiffs with cases pending in the Northern District of Illinois is accepted by the JPMDL, the cases (those filed and dozens more that will be filed) would remain in the Northern District of Illinois and this Court would still need to rule on this Remand Motion.

10. Plaintiff has timely filed this Motion to Remand within thirty (30) days of Defendant, The Boeing Company's filing of its Notice of Removal.

11. For all of these reasons and for the reasons stated within the accompanying Memorandum of Law, in Support of Plaintiff's Motion to Remand, Plaintiff Junyi Lu's Complaint should be remanded to the Circuit Court of Cook County, in Chicago, Illinois.

WHEREFORE, the Plaintiff Junyi Lu, respectfully requests this Court to:

A. Remand this case back to the Circuit Court of Cook County, in Chicago, Illinois pursuant to 28 U.S.C. § 1447(c); and

B. Grant any other relief this Court deems just and proper.

Dated: October 25, 2013    Respectfully submitted,

By:   s/ Michael S. Krzak
Robert A. Clifford
Kevin P. Durkin
Michael S. Krzak
Colin H. Dunn
Attorneys for Plaintiff
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile