**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| JUNYI LU, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY, a corporation <br><br> Defendant. | No. 13 CV 7432 |

**EMERGENCY MOTION TO STAY MAILING OF CERTIFIED ORDER OF REMAND**

Defendant The Boeing Company ("Boeing") respectfully moves this Court to enter an order staying the mailing of the certified copy of the remand order to the Circuit Court of Cook County pursuant to Local Rule 81.2 and 28 U.S.C. § 1447(c). Boeing requests that the Court stay the mailing of the remand order until at least January 21, 2014, which represents an extension of 22 days from the date the order would otherwise be transmitted. Plaintiffs will not be prejudiced by this small delay.

In an order issued two days ago, on Monday, December 16, 2013, Judge Leinenweber granted plaintiffs' motion for remand while acknowledging that the motion "pose[d] difficult jurisdictional questions." [*Docket No.* 24, at 3]. In light of facts released only last week by the National Transportation Safety Board ("NTSB") that bear directly on the remand issues, Boeing will file a motion to vacate or to reconsider the remand order by the end of this week. Because of Judge Leinenweber's holiday schedule, however, Boeing cannot timely present either this motion or the reconsideration motion to Judge Leinenweber. Thus, Boeing requests that this Court stay the mailing of the certified order pursuant to Local Rule 81.2. Boeing brings this motion on an emergency basis because, if the certified order is mailed before Boeing can present its motion for reconsideration to Judge Leinenweber, the Court will lose jurisdiction to consider the newly available evidence presented in that motion. In addition, as discussed below, a stay is

necessary to permit sufficient time for Boeing to exercise its statutory appeal right in the event that its motion for reconsideration is denied.

  This case is one of eight related cases arising from an accident involving a Boeing 777-200ER aircraft which hit a seawall while landing at San Francisco International Airport on July 6, 2013.  Boeing removed those cases to this Court on the basis of admiralty and federal officer jurisdiction.  [*Docket No.* 1, citing 28 U.S.C. § 1333(1), 28 U.S.C. § 1441(a), and 28 U.S.C. § 1442(a)(1)].  Given that numerous additional cases arising from the same accident had been filed in the Northern District of California (where the accident occurred), Boeing then filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") to establish consolidated multidistrict proceedings in that District and identified this case as a "tag-along" case.  [*Docket No.* 8].  On December 13, 2013, after briefing and oral argument, the JPML granted Boeing's motion and ordered one of the eight cases pending in this Court, *Yang v. Boeing*, Case No. 13-6846 (the "*Yang* case"), to be transferred to the Northern District of California for coordinated and consolidated proceedings.  [Case No. 13-6846, *Docket No.* 41].

  On December 16, 2013, before a Conditional Transfer Order for this tag-along action could be entered, Judge Leinenweber entered orders remanding this and the other seven cases pending in this District to the Circuit Court of Cook County.  [*E.g., Docket No.* 23].  Judge Leinenweber has since vacated the remand order entered in the *Yang* case for lack of jurisdiction in light of the JPML's Transfer Order.  But he has not vacated the remand order in this case or the other six tag-along cases.  As a result, of eight related and nearly identical cases, one is now pending in federal court in California and the other seven were remanded to the Illinois state court.

Boeing intends to seek reconsideration of the remand order in this case and the others still pending in this Court for several reasons, including evidence that the NTSB released only last week regarding the accident at issue and which the Court has not yet been able to consider. *See Mitchell v. JCG Industries*, 842 F. Supp. 2d 1080, 1082 (N.D. Ill. 2012) (A motion for reconsideration is proper "to correct manifest errors of law or fact or to present newly discovered evidence."). As the Court indicated in its remand order, the motions "pose[d] difficult jurisdictional questions." [*Docket No*. 24, at 3]. In its forthcoming motion for reconsideration, Boeing will demonstrate that the additional evidence released by the NTSB makes clear that the crash became "inevitable" while the aircraft was over water and thus undermines a fundamental factual premise of the remand order with respect to the admiralty jurisdiction issues before it. If the Court does not grant reconsideration, Boeing plans to appeal to the Seventh Circuit. While remand orders are not ordinarily appealable, 28 U.S.C. § 1447(d) expressly permits an appeal here because the case was removed under 28 U.S.C. § 1442.

Where, as here, there is a right of appeal from a remand order, the Seventh Circuit has acknowledged that it is efficient and appropriate for the district court to retain jurisdiction over the action to permit the district court to entertain a motion to reconsider prior to an appeal. *See J.O. v. Alton Community Unit School Dist. 11*, 909 F.2d 267, 274 (7th Cir. 1990) ("[D]uring the time when an appeal can follow a remand order, it is also appropriate for the district court to retain the power to modify its earlier orders."). In this case, vacating the remand order will also promote judicial economy by allowing the remand motions in all eight related cases to be decided by the transferee court in the Northern District of California. *See Bd. of Trustees of Teachers' Ret. Sys. of State of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 906 (N.D. Ill. 2002)

(staying cases pending transfer by the JPML because "the interests of judicial economy and the threat of inconsistent rulings outweighs the prejudice to the Funds from delay.").

This Court retains jurisdiction of this matter until a certified copy of the remand order is mailed to the Circuit Court of Cook County. 28 U.S.C. § 1447(c). Local Rule 81.2 provides that the clerk "shall not transmit the certified copy" of the remand order for 14 days after the order was docketed, *i.e.*, until on or after December 30, 2013. Local Rule 81.2 also provides that "[t]he filing of a petition for reconsideration of such order shall not stop the remand of the case unless the court orders otherwise." Boeing is prepared to file its motion to reconsider on or before Friday, December 20, 2013, well within the time provided by Local Rule 81.2. But, according to his website, Judge Leinenweber is not sitting from December 16, 2013 to January 7, 2014, leaving Boeing unable to present its motion for hearing before the clerk may mail the certified order on December 30, 2013. If mailing of the remand order is not stayed, this Court would lose jurisdiction to entertain a timely-filed motion to reconsider.

For all these reasons, a stay is appropriate, efficient, and within this Court's jurisdiction. Thus, Boeing asks that the Court enter an order staying the mailing of the remand order until at least January 21, 2014. This will allow the 14 days contemplated by Rule 81.2 for Judge Leinenweber to evaluate Boeing's motion to reconsider, including the newly released evidence from the NTSB, and enter a further stay if necessary. It will also permit Boeing sufficient time to exercise its statutory appeal right even in the event that the motion for reconsideration is denied.[*]

---

[*] In the event that this stay motion is denied, Boeing intends to file a notice of appeal and to move, in the Seventh Circuit, for a stay pending appeal.

WHEREFORE, Boeing respectfully requests that this Court enter an order staying the mailing of the certified order until at least January 21, 2014 and for such other and further relief as is just and appropriate.

Respectfully submitted,

THE BOEING COMPANY

By: s/ Bates McIntyre Larson
    One of Its Attorneys

Bates McIntyre Larson, ARDC No. 6272698
BLarson@perkinscoie.com
Charles W. Mulaney, ARDC No. 6290299
CMulaney@perkinscoie.com
PERKINS COIE LLP
131 South Dearborn Street, Suite No. 1700
Chicago, Illinois 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400

Michael E. Scoville, Washington Bar No. 44913
MScoville@perkinscoie.com
Gretchen M. Paine, ARDC No. 6293516
GPaine@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

*And Of Counsel*

John D. Dillow, California Bar No. 50403
Bruce D. Campbell, Washington Bar No. 8629
Joe Silvernale, Washington Bar No. 22001
Eric B. Wolff, Washington Bar No. 43047
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000

*Attorneys for Defendant The Boeing Company*

## CERTIFICATE OF SERVICE

I, Bates McIntyre Larson, certify that on December 18, 2013, I electronically filed the foregoing ***EMERGENCY MOTION TO STAY MAILING OF CERTIFIED ORDER OF REMAND*** with the Clerk of the Court with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record.  In addition, I caused service to be made on the following attorneys and parties by the method indicated:

| | |
|---|---|
| Robert A. Clifford | _X_  Via hand delivery |
| Colin H Dunn | ___ Via U.S. Mail, 1st Class |
| Kevin P. Durkin | ___ Via Overnight Delivery |
| Michael Sean Krzak | ___ Via Facsimile |
| Clifford Law Offices, P.C. | ___ Via Email |
| 120 North LaSalle Street | ___ Other: _____ |
| 31st Floor | |
| Chicago, IL 60602 | |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 18th day of December, 2013.

    /s/    Bates McIntyre Larson
PERKINS COIE LLP
131 South Dearborn Street, Suite No. 1700
Chicago, Illinois 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400